EMBRY, Justice.
This case arose from a dispute over whether Slauson and Munson breached a written contract to make certain repairs to Gray’s home. Gray appeals from the judgment entered on a jury verdict absolving defendants of liability and from the order denying her motion for new trial. We affirm.
The Issues
Whether the trial court erred in directing a verdict for defendants on plaintiff’s fraud claim?
*850 Whether the trial court erred in denying plaintiffs motion to reopen the case after the parties had rested, but before closing arguments?
The Facts
In October 1979, Mrs. Thelma Gray entered into a contract with defendants for repair work to be done on the exterior of her home. The contract provided for the shoring up and re-bricking of a portion of the brick veneer, filling cracks in the bricks on other portions of the house, removing and replacing the gutters, replacing any bad woodwork, and painting certain wood surfaces of the house. Gray was concerned about the cost of the work and wanted to spend as little as possible on it.
Defendants neither contracted for or performed an “underpinning” job for the entire house. “Shoring up” is a less expensive job than “underpinning.” The process of “shoring up” is an accepted and approved method of construction work and is altogether different from “underpinning.” The work was inspected and approved by the building inspector for the City of Montgomery. The testimony was uncontrovert-ed that neither “shoring up” nor the more expensive “underpinning" will guarantee that future settling will not occur, especially in a hot, dry summer such as that of 1980.
The work was completed during December of 1979. Gray testified that sometime in late summer or fall of 1980, cracks began to reappear in the brick veneer and on the interior plaster walls of the house. She testified further that the cracks that appeared in the late summer of 1980 were all over her house, in every room, but placed no blame upon defendants for any of these settlement problems anywhere except at the south end of the house where they had worked.
Slauson and a crew of workmen went to Gray’s home prepared to break out and redo the whole wall, but she prevented them from doing any further work because, as she stated at the time, she “had made other arrangements.” Apparently, the other arrangements consisted of calling an attorney, who subsequently filed this suit in her behalf.
The case was tried to a jury after evidence was adduced: oral testimony in addition to documentary and pictorial evidence, and expert testimony as well as that of lay persons, including plaintiff. The evidence was hotly disputed and, under proper instructions from the trial court, the jury resolved all issues in favor of defendants, save that relating to the fraud claim and punitive damages. The latter was resolved favorably to defendants by actions of the trial court, correctly without error. The trial court, after a full hearing on the motion to reopen the case, following extensive discovery and a fully adequate pretrial order, properly exercised its discretion in denying the motion to reopen. The rulings of the trial court and the evidence were reviewed upon motion for new trial. The denial of that motion was without error.
There appearing no error in the record of the trial of this case, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.